In the Matter of JOHN F. PAPSIDERO, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 23, 1986

### APPEARANCES OF COUNSEL

*David E. Brennan* for petitioner.

*Robert E. Nicely* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent is an attorney admitted to practice in New York State in 1959 and maintains an office for the practice of law in Buffalo, New York. He is charged by the Grievance Committee

of the Eighth Judicial District with violation of Code of Professional Responsibility, Canons 1, 6 and 9.

We adopt the findings of fact of the Referee appointed by this court that on February 23, 1982 respondent received 40 United States Treasury Social Security checks totaling $13,093.90 from James R. Budwey. These checks were issued from February 1, 1978 to March 1, 1981; 39 of them were payable to the order of Genevieve Rose and one to Margaret Rose. When they were received by respondent, the checks were indorsed in blank in the name of the payee appearing on the face of each check. On the day that respondent received the checks from Budwey he deposited them in his attorney's trust account without further indorsement. On March 24, 1982, at Budwey's request, he obtained three bank drafts payable to Molly M. Rich, David Pasquintino and Frank Budwey, each in an amount equivalent to one third of the deposit, which he delivered to Budwey. Budwey obtained the indorsements of Rich and Pasquintino, added his indorsement and cashed those checks. He delivered the remaining check to Frank Budwey who cashed the check and paid its proceeds to James Budwey who then, in turn, paid Frank part of the proceeds, allegedly in payment of an indebtedness.

We agree that the proof failed to establish the existence of an attorney-client relationship between respondent and James R. Budwey in connection with the negotiation of the checks or that the checks had been stolen from the Rose premises, which, on March 28, 1982 were found to have been ransacked.

The record establishes, however, that respondent permitted his attorney's trust and escrow account to be utilized to accommodate a lifelong close friend in negotiating stale checks without making proper inquiry as to the existence or whereabouts of the payees or seeking any explanation as to the manner in which James R. Budwey obtained them. In our view, respondent engaged in conduct involving dishonesty, fraud and deceit (Code of Professional Responsibility, DR 1-102 [A] [4]) which adversely reflects on his fitness to practice law (DR 1-102 [A] [6]) and he is guilty of professional misconduct. In mitigation we note that respondent has cooperated with the investigation conducted by the Federal authorities and the Grievance Committee and that no specific injury to a client has been established.

However, because of his failure to maintain the integrity and competency of the legal profession and to meet the

highest standards of his ethical responsibility as a lawyer, he is suspended from the practice of law for a period of one year and until further order of this court.

DILLON, P. J., BOOMER, PINE, BALIO and SCHNEPP, JJ., concur.

Order of suspension entered.