In the Matter of CHARLES A. SCHIANO, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 22, 1987

**APPEARANCES OF COUNSEL**

*David E. Brennan (Gerard M. LaRusso* of counsel), for petitioner.

*Faraci, Guadagnino, Lange & Johns (Angelo G. Faraci of counsel), for respondent.*

### OPINION OF THE COURT

Per Curiam.

Respondent is an attorney admitted to practice in New York by order of the Appellate Division, Supreme Court, Third Department, on March 19, 1961. He is charged by the Grievance Committee of the Seventh Judicial District with violation of four provisions of the disciplinary rules of the Code of Professional Responsibility and two violations of the rules of the Appellate Division relating to attorneys.

Respondent has admitted the factual allegations of the petition and that his conduct violated two of the four disciplinary rules and both Appellate Division rules.

Respondent admits having received a second check erroneously sent by an insurance company in the amount of $50,000 in payment of its insured's share in the settlement of a negligence case. The original settlement check, dated March 19, 1982, was payable to respondent and his client. The second check, also payable to both, was dated April 30, 1982. In June 1982, respondent and his client, realizing that the second check was paid in error, nevertheless agreed to endorse the check and place it in respondent's trust account without any inquiry to the issuer.

Respondent distributed the overpayment, one third to himself and two thirds to his client, in April 1983. During the period between deposit of the money in the trust account and distribution of the money, the balance in respondent's trust account fell below $50,000, and during October 1982, the account was overdrawn. Respondent also failed to preserve and identify other clients' funds in his trust account, commingled his personal funds with his trust account, and withdrew client funds for purposes unrelated to the subject matter of his employment.

The first issue is whether respondent's conduct violated the Code of Professional Responsibility DR 1-102 (A) (3), engaging in illegal conduct involving moral turpitude. In withholding the erroneous second payment from the issuer and in appropriating it to himself and his client when he knew it was

delivered under a mistake and without taking reasonable measures to return the money to the owner, respondent stole that property and committed larceny (Penal Law § 155.05 [1], [2] [b]). Such conduct involves moral turpitude, and constitutes a violation of DR 1-102 (A) (3) of the Code of Professional Responsibility.

With respect to the second issue, we find that respondent's conduct violated DR 1-102 (A) (4), engaging in conduct involving dishonesty *(see, Matter of Papsidero,* 117 AD2d 362).

The violations admitted by respondent were of DR 9-102, failing properly to identify funds and property of a client; DR 9-102 (B) (3), failing to maintain complete records of funds of his clients and failing to render appropriate accounts to his clients regarding them; 22 NYCRR 1022.5 (a), commingling and converting clients' funds, and 22 NYCRR 1022.5 (b), failing to maintain true and correct records of clients' fiduciary accounts.

Respondent submitted an affidavit in mitigation, in which he asserted that his misconduct was the result of severe financial pressure in 1982. He also stated: "When I received the second check from Wausau Insurance Company, I advised my client immediately of its receipt and that it was probably a mistake. *I was not sure what my duties were at that time with respect to the unexpected receipt of the draft.* [The client] made it clear that he did not want me to notify the Wausau with reference to the check, and wanted me to distribute the money. I refused and told him I would put it in a trust account. *I had no clear idea of how I was going to proceed at that time.* Fourteen months later [the client] insisted that we distribute the money, and I did so in accordance with his wishes, and I shared in the windfall" (emphasis added).

We have weighed the facts urged in mitigation, including respondent's long and previously unblemished record as an attorney and in community service, his cooperation with the Grievance Committee, his remorse, his acceptance of full responsibility for the misconduct, his agreement to make full restitution with interest to the insurer, and the fact that no loss to any client is alleged.

When these facts are considered in the context of his illegal conduct in withholding and disbursing the $50,000, his failure to preserve clients' funds in his trust account, and his assertion that he did not know what his duties were when he received the check mistakenly issued, we conclude that re-

spondent lacks the character and fitness required of a person privileged to practice law and that he should be disbarred.

DILLON, P. J., CALLAHAN, DOERR, DENMAN and GREEN, JJ., concur.

Order of disbarment entered.