In the Matter of JOHN F. PAPSIDERO, Petitioner. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Respondent.

Fourth Department, August 10, 1990

## APPEARANCES OF COUNSEL

*John B. Walsh* for petitioner.

*Vincent L. Scarsella* for respondent.

## OPINION OF THE COURT

Per Curiam.

Petitioner was admitted to the practice of law by this court on November 5, 1959 and, until 1986, maintained an office in Buffalo. By order of this court entered May 23, 1986, petitioner was suspended from the practice of law for a period of one year and until further order of this court *(Matter of*

*Papsidero,* 117 AD2d 362). By the terms of the suspension order, petitioner was ordered "to desist and refrain from the practice of law in any form either as principal or agent, clerk or employee of another", and was forbidden "to give to another an opinion as to the law or its application, or any advice with relation thereto, for the period of his suspension".

Petitioner applied to this court for reinstatement as an attorney in September 1989. Pursuant to section 1022.28 of the rules of this court, "An application for reinstatement may be granted by this court only upon a showing by the applicant * * * by clear and convincing evidence that he has fully complied with the provisions of the order of * * * suspension * * * and that he possesses the character and general fitness to resume the practice of law" (22 NYCRR 1022.28 [d]).

On December 19, 1989, the matter was referred to the Grievance Committee of the Eighth Judicial District for further investigation and examination of the petitioner. After conducting further investigation and examining petitioner under oath in the presence of his counsel, the Committee unanimously opposed his reinstatement.

Upon our review of petitioner's application, the transcript of petitioner's examination under oath and the exhibits submitted to the Committee, we conclude that petitioner has failed to prove by clear and convincing evidence that he complied with this court's order of suspension by scrupulously refraining from the practice of law and has failed to demonstrate that he possesses the character and general fitness required of an attorney.

The record demonstrates several instances of petitioner's failure to abide by our order, of which we cite only a few. During the period of his suspension, on stationery with a lawyer's letterhead, petitioner billed "For Professional Services Rendered" persons whom he admitted had been clients. It is not clear what those services were. Over one year after petitioner's suspension, an investigator for the Committee went to petitioner's office and observed that the directory in the entrance contained the designation, "John F. Papsidero, Attorney and Counselor at Law." Even after that violation was called to his attention, petitioner failed to remove it for some time. Further, petitioner prepared numerous certificates of incorporation and forwarded them for filing to Gerald Weinberg, an attorney in Albany who performs such service only for attorneys. The certificates indicate that they were

filed by "John F. Papsidero, Esq.", and petitioner was billed by that designation.

Based on our review of the record, we find that petitioner has failed to meet his burden and therefore deny without prejudice his application for reinstatement.

BOOMER, J. P., PINE, BALIO, LAWTON and DAVIS, JJ., concur.

Application for reinstatement denied.