[707 NYS2d 914]

In the Matter of JAMES EDWARD BROWN, a Suspended Attorney, Respondent.

Fourth Department, May 10, 2000

**APPEARANCES OF COUNSEL**

*Daniel A. Drake,* Rochester, for Seventh Judicial District Grievance Committee.

*Thomas J. Cocuzzi,* Rochester, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court

on July 9, 1975, and maintained an office for the practice of law in Rochester. On December 20, 1999, respondent was convicted, upon his plea of guilty in Monroe County Court, of attempted grand larceny in the fourth degree (Penal Law §§ 110.00, 155.30), a class A misdemeanor. Respondent admitted that he accepted and cashed a check from his insurance company as payment on his claim for the value of his stolen automobile when he knew that the automobile had been recovered. He further admitted that he used the recovered automobile as a trade-in when he knew that the insurance company was the rightful owner of the vehicle. On February 18, 2000, respondent was sentenced to a one-year conditional discharge with 75 hours of community service. This Court determined that attempted grand larceny in the fourth degree is a serious crime pursuant to Judiciary Law § 90 (4) (d) and, on January 26, 2000, entered an order suspending respondent and directing him to show cause why a final order of discipline should not be entered (269 AD2d 878). Respondent appeared before the Court and submitted matters in mitigation.

We note, in mitigation, that respondent's misconduct is unrelated to his practice of law (*cf., Matter of Schiano*, 128 AD2d 214, *lv denied* 70 NY2d 614). Respondent, however, has previously received two Letters of Admonition and a Letter of Caution for, among other things, neglecting clients' matters. Additionally, in 1990, respondent was suspended from practice before the Social Security Administration for making a false statement regarding a material fact and for charging and collecting an unauthorized fee. After consideration of all of the factors in this matter, we conclude that respondent should be suspended for three years, effective January 26, 2000, and until further order of the Court.

PIGOTT, JR., P. J., GREEN, HURLBUTT, SCUDDER and LAWTON, JJ., concur.

Final order of suspension entered.