■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO RODGERS, Appellant.

■ Memorandum: The evidence in the record is sufficient to support the jury's verdict convicting defendant of rape and sodomy. The standard of reasonable resistance is applicable, not that of utmost resistance (see, L 1977, ch 692). Moreover, the error in the sentencing minutes is of no consequence since the minimum sentence is fixed by law at one third of the maximum (Penal Law § 70.02 [3] [a]; [4]). We find no abuse of discretion in the sentence imposed by the court. (Appeal from judgment of Erie County Court, Wolfgang, J.—rape, first degree.) Present—Doerr, J. P., Denman, Green, Pine and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES T. SMITH, Appellant.

■ Memorandum: Defendant was arrested and transported to the police station after he was identified as a participant in the burglary of the home of an elderly victim. At the precinct, before defendant was given his *Miranda* warnings, a police officer asked him whether he was willing to talk to police about the burglary. Defendant replied: "Sure". At that point, the officer read defendant his rights and defendant signed a waiver of rights card. Defendant gave a full confession, which was later reduced to a written statement. On appeal, defendant contends that his confession should have been suppressed because the actions of the police in securing an agreement to give a statement before giving defendant his *Miranda* warnings rendered the statement involuntary. We disagree.

The defendant did not give any statements of an incriminating nature prior to being given his *Miranda* warnings. There is no evidence in the record to indicate that defendant was so committed to his agreement to give a statement that the subsequent warnings were insufficient to protect his rights (cf. *People v Bastidas,* 67 NY2d 1006; *People v Bethea,* 67 NY2d 364; *People v Chapple,* 38 NY2d 112; *People v Bodner,* 75 AD2d 440). (Appeal from judgment of Erie County Court, Wolfgang, J.—robbery, second degree.) Present—Doerr, J. P., Denman, Green, Pine and Schnepp, JJ.