■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN SCRUGGS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered November 16, 1984, convicting him of robbery in the third degree, assault in the second degree, unauthorized use of a motor vehicle in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to the police.

Ordered that the judgment is affirmed.

The arresting officer was justified in relying on the information related to him by other officers through radio transmissions and that information was sufficient to constitute probable cause to arrest defendant *(see, People v Lypka,* 36 NY2d 210). Since the defendant failed to challenge the reliability of those radio communications, any "question regarding the basis of the sending officer's information has not been preserved for review" *(People v Reddick,* 107 AD2d 721, *affd* 65 NY2d 835; *People v Ward,* 95 AD2d 233, 240).

Furthermore, although the defendant's brief initial statement regarding his whereabouts on the day of the crime was properly suppressed since that statement was made before the defendant was advised of his *Miranda* rights, the remainder of his statements, which were all given after he was advised repeatedly of his *Miranda* rights, were properly admitted at trial since there was no showing that the subsequent warnings were insufficient to protect the defendant's rights *(see, People v Smith,* 124 AD2d 1003). The defendant was not subjected to such continuous interrogation as to render the subsequent

warnings ineffectual *(cf., People v Bastidas,* 67 NY2d 1006, *rearg denied* 68 NY2d 907; *People v Winchell,* 64 NY2d 826; *People v Williams,* 63 NY2d 882).

Finally, we note that the defendant's statements were not obtained in violation of his right to counsel despite his representation by an attorney on an unrelated pending charge. When asked about that charge, the defendant replied that it was "all taken care of", he stated that he had no further court dates, and he denied being represented by an attorney with respect to that charge at that time. Despite their subsequent good-faith efforts to ascertain further information about that charge and whether the defendant had legal representation thereon, the police found nothing to indicate that the defendant was not telling them the truth and they were justified in relying on the defendant's representations *(People v Lucarano,* 61 NY2d 138; *People v Bertolo,* 65 NY2d 111).

We have reviewed the defendant's remaining contentions and find them either to be unpreserved for appellate review or without merit. Lawrence, J. P., Rubin, Eiber and Harwood, JJ., concur.