■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SHIPMAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered September 17, 1987, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not err in refusing to excuse a juror for cause on the basis that the juror had on a previous occasion acted as juror in another criminal case involving a defendant who was of the same race as the defendant here, and, who also alleged that he had been intoxicated when the crime occurred. The juror recalled that the other defendant did not testify at trial and that after the trial the jury learned that the defendant had previous convictions. However, the juror assured the court that his prior experience as a juror would not affect his ability to render a fair and impartial verdict in the present case *(People v Biondo,* 41 NY2d 483). Such an " 'expurgatory oath is still an operative device under which a prospective juror may satisfactorily show his impartiality' " *(People v Rivera,* 137 AD2d 634, 635; *see, People v Williams,* 63 NY2d 882). Here, after a full inquiry, the Trial Judge, "with his peculiar opportunities to make a fair evaluation" was satisfied that the juror in question would render a fair verdict *(People v Williams,* 63 NY2d 882, 885, *supra).* We further note that the assurances of the juror were not equivocal as the language he used mirrored the language in which the questions were phrased *(cf., People v Blyden,* 55 NY2d 73).

The defendant's brief statements to the police at the scene of the crime to the effect that he had an argument with the victim and that she had wielded a knife, were properly suppressed since these statements were made before the defendant was advised of his *Miranda* rights. However, the statements subsequently reduced to writing at the precinct, were properly admitted at trial since it was established that these statements were preceded by the administration of complete *Miranda* warnings. The defendant was not subject to continuous interrogation so as to render the warnings ineffective *(cf., People v Bethea,* 67 NY2d 364; *People v Chapple,* 38 NY2d 112; *see, People v Scruggs,* 138 AD2d 646). The defendant did not testify at the hearing and there was no evidence adduced to

support his contention that the statements made by him at the precinct were involuntarily given on constraint of his first statement, under the so-called "cat-out-of-the-bag" theory *(see, People v Tanner,* 30 NY2d 102, 106-107; *People v Pagan,* 130 AD2d 687).* In addition, the defendant made a similar statement to Eunice Bass at the scene of the crime. There was no basis on the record for the court to find that the defendant's waiver of his constitutional rights was other than knowing and voluntary *(People v Zuluaga,* 148 AD2d 480; *People v Cureton,* 139 AD2d 756).

While it may be that the police officers had entered the defendant's dwelling prior to his having consented to the search, we do not find that a de novo suppression hearing is required. Of the two knives recovered, only one had a trace of blood on it and the blood sample was too minute to be tested. Thus, even if the evidence of the knives should have been suppressed, there is no reasonable possibility that the error contributed to the defendant's conviction, and thus the error, if any, was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237).

The defendant also contends that the court committed reversible error in failing to charge the jury on the defense of justification. However, a trial court need not charge a jury with respect to an accused's proffered defense of justification if no reasonable view of the evidence establishes the basic elements of the defense *(People v Watts,* 57 NY2d 299). The defendant said in his statement that he believed the deceased to be "joking" when she came into the room with a knife, and that in the ensuing struggle the knife "could have" gone into her. Viewing the evidence adduced at trial in the light most favorable to the defendant *(see, People v Steele,* 26 NY2d 526), we find that there was no reasonable view thereof which would support a finding that he reasonably believed that the use or physical force was necessary to defend himself from what he reasonably believed was the use or imminent use of unlawful physical force against him (Penal Law § 35.15 [1]; § 35.20 [1]; *People v Watts, supra; People v Charriez,* 155 AD2d 548).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions, including his claim that the sentence was excessive, and find them to be without merit *(see, People v Suitte,* 90 AD2d 80;

*People v Lewis,* 134 AD2d 286). Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.