■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS McCALLOP, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered April 24, 1986, convicting him of burglary in the second degree (two counts), grand larceny in the second degree, grand larceny in the third degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the first degree, criminal possession of stolen property in the second degree (two counts), unauthorized use of a vehicle in the first degree, criminal mischief in

the fourth degree (two counts) and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In light of the fact that no objection was made with respect to the trial testimony that the police had the defendant's residence under surveillance on the night that the instant crimes were committed, the defendant's claim that the admission of the testimony was error has not been preserved for appellate review (see, CPL 470.05 [2]; *People v Tutt,* 38 NY2d 1011). Moreover, since defense counsel not only acquiesced in the offering of this evidence but questioned the witness extensively on cross-examination with respect thereto, reversal in the exercise of our interest of justice jurisdiction is not warranted (see, CPL 470.15 [6]). In any event, evidence of police surveillance of a defendant is permissible where such evidence is relevant to some material issue in the case (see, *People v Davis,* 151 AD2d 596). Here, this evidence was relevant to show that the defendant was seen leaving his residence during the early morning hours and walking in the direction of the complainants' homes. Further, the testimony indicated that it was the building in which the defendant resided, and not the defendant himself, that was under surveillance. The detective charged with the surveillance duty testified to observing several people leave the premises and watching each walk out of his view. He also testified that the defendant was not stopped or followed because as far as he knew the defendant "hadn't broken any laws". Thus, the record does not support the defendant's claim that this testimony deprived him of a fair trial.

We have considered the defendant's remaining contention and find it to be without merit. Brown, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.