■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD BURNS, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Westchester County (Herold, J.), rendered November 30, 1987, convicting him of robbery in the second degree (two counts) and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During voir dire, a prospective juror stated that he would like to hear the defendant "testify to hear the other side of the story". However, upon a full inquiry by the court, the juror assured the court that, if so instructed, he would not consider the fact that the defendant did not testify at trial in arriving at a verdict. Under such circumstances, the court did not err in refusing to excuse the juror for cause (see, People v Shipman, 156 AD2d 494; see also, People v Williams, 63 NY2d 882; cf., People v Blyden, 55 NY2d 73).

Testimony concerning the surveillance by the police of the defendant and his accomplices in the period immediately before the robbery was relevant to the material issue of the defendant's accessorial liability and was therefore properly admitted by the court (see, People v McCallop, 159 AD2d 731; People v Davis, 151 AD2d 596).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kooper, Sullivan and O'Brien, JJ., concur.