■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL R. LEE, Appellant. [597 NYS2d 721] —Appeal by the defendant from a judgment of the County Court, Westchester County (Scarpino, J.), rendered August 24, 1990, convicting

him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's car was pulled over after two police officers observed the car go through a stop sign. As one of the officers approached the vehicle, he observed the defendant fidgeting about in the front seat on the passenger side. The officer quickly walked up to the car and, with the aid of a flashlight, observed the defendant remove from his pocket a clear, plastic bag with vials containing a white powdery substance and throw it on the floor. After observing the defendant drop the bag, the officer directed him to exit from the vehicle and recovered the bag. A search of the defendant revealed two additional plastic bags containing cocaine.

On appeal, the defendant contends that the officer's testimony was incredible. The hearing court's determinations as to credibility are afforded great weight on appeal and should not be disturbed unless clearly unsupported by the evidence *(see, People v Prochilo,* 41 NY2d 759; *People v Boone,* 183 AD2d 721).* Here, we find no basis to disturb the hearing court's determination to credit the officer's testimony at the suppression hearing.

Contrary to the defendant's contention, the court did not err in refusing to excuse two jurors for cause. During voir dire, defense counsel asked a prospective juror whether he would "think [the defendant] was hiding something if he didn't get up and testify" and the juror responded: "probably". However, the court immediately delivered an instruction on the presumption of innocence and the prospective juror assured the court that he could follow its instructions regarding the presumption of innocence and the defendant's right not to testify *(see, People v Burns,* 169 AD2d 773).* We find no merit to the defendant's contention that another prospective juror should have been excused on the ground that she was equivocal as to whether she could resolve a reasonable doubt in favor of the defendant. There was no indication that the juror had a state of mind which was "likely to preclude [her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]).

We have reviewed the defendant's remaining contentions

and find them to be without merit. Mangano, P. J., Thompson, Balletta and Lawrence, JJ., concur.