■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE MACK, Also Known as CURTIS TUCKER, Appellant. [598 NYS2d 568] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered June 28, 1989, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Cooperman, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The sole officer who testified at the suppression hearing stated that on April 9, 1988, at approximately 5:25 P.M., he and two other officers were in an unmarked vehicle when he observed an automobile being driven erratically at a high rate of speed. The officers pulled the automobile over about six to seven blocks later. The officer testified that as he exited his vehicle and approached the automobile from the rear, he observed, through the rear window, the defendant, who was seated in the rear passenger seat, take what appeared to be a firearm from the rear seat on his left side and place it into his waistband. The officer acknowledged that the back window of the automobile, as well as all of the side windows, were tinted. The officer then walked around to the right rear of the automobile and ordered the defendant to step out. The officer

thereafter frisked the defendant and recovered a loaded gun from his waistband.

Great weight must be accorded the determination of the hearing court, which saw and heard the witnesses (see, *People v Prochilo*, 41 NY2d 759; *People v Lee*, 193 AD2d 759). Here, we find that the hearing court properly credited the officer's testimony and denied suppression of the gun.

We have reviewed the defendant's remaining contentions and find that they are without merit. Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.