■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN ARCHER, Appellant. [619 NYS2d 738] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered December 3, 1991, convicting him of robbery in the second degree and attempted rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the voir dire, the defense counsel asked a prospective juror whether she "would * * * have trouble if all you heard from is [the prosecutor] and his witnesses?" The juror responded "I think anybody would have trouble hearing only one side of the case". When asked to elaborate on her answer the juror stated, "I would have to hear both sides before I make any kind of decision".

Thereafter, upon request by the prosecution, the court again instructed the jury that under the law the defendant did not have to testify, and if he chose not to testify the jury could not hold this decision against him in any way. The court asked if any of the jurors would have any difficulty following this rule of law or any of the other rules on which they had been instructed. The court then stated that by their silence, each prospective juror answered that they had no difficulty following the law. The court did not seek an express declaration, or "expurgatory oath", from the juror who wanted to hear both sides concerning her ability to render an impartial verdict.

Contrary to the defendant's contention, the Supreme Court did not err when it refused the defense counsel's challenge for cause regarding this juror. Pursuant to CPL 270.20 (1) (b), a party may challenge for cause a prospective juror on the ground, *inter alia,* that "[sh]e has a state of mind that [was] likely to preclude [her] from rendering an impartial verdict based upon the evidence adduced at the trial". A challenge for cause under this section is based upon allegations of actual bias *(see, People v Torpey,* 63 NY2d 361, 367; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 270.20, at 425).

The juror's responses to the defense counsel's inquiries did not rise to the level of actual bias or otherwise indicate that she would be unable to render an impartial verdict. Considering that the phrasing of the defense counsel's question to the juror excluded the fact that, upon trial, the jury would also

hear cross-examination of the People's witnesses, the juror's responses were thus both logical and unbiased. Accordingly, there was no need to administer an "expurgatory oath" to the juror, since no actual bias had been demonstrated *(cf., People v Torpey,* 63 NY2d 361 *supra; People v Brown,* 111 AD2d 248). Moreover, after inquiry by the court, the juror indicated that she would follow the law. Under such circumstances, the court properly refused to excuse this juror for cause *(see, People v Brown,* 169 AD2d 773).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Copertino, J. P., Pizzuto, Santucci and Florio, JJ., concur.