■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PENNISI, Appellant. [629 NYS2d 449] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered December 10, 1990, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed

The trial court did not err in denying the defendant's challenge to a juror who indicated that he felt that the defendant was guilty simply because he was sitting at the counsel table. The court instructed the juror on the presumption of innocence and the juror assured the court that he could follow the court's instructions on the law. Under these circumstances, the court did not err in refusing to excuse the juror for cause (*see, People v Lee*, 193 AD2d 759, 760; *People v Burns*, 169 AD2d 773, 774; *People v Shipman*, 156 AD2d 494).

The defendant contends that his right to be present at all material stages of the trial was violated when the Trial Justice questioned an alternate juror before replacing a discharged juror with this alternate outside the presence of counsel and the defendant. An in-camera inquiry by the court into an impaneled juror's continuing fitness to serve is not "a core segment of trial", and reversal is mandated only if the defendant's absence "might have had an effect on the opportunity to

defend" (*People v Aguilera*, 82 NY2d 23, 34; *see, People v Morales*, 80 NY2d 450, 456; *People v Darby*, 75 NY2d 449, 453; *People v Mullen*, 44 NY2d 1). On this record, the defendant has failed to establish that his presence during the subject inquiry would have had "a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge" (*Snyder v Massachusetts*, 291 US 97, 105-106; *see, People v Torres*, 80 NY2d 944). Moreover, defense counsel waived his own right to be present during the inquiry by requesting and acquiescing to the procedure used by the court in examining the juror.

Contrary to the defendant's contention, the court properly admitted into evidence a photograph depicting the victim with the defendant's girlfriend, who was also the People's main witness, and letters sent by the defendant to his girlfriend. This evidence was admitted to illustrate the testimony of the People's main witness and to show that the defendant was jealous of the victim and that he did not act in self defense (*see, People v Wood*, 79 NY2d 958, 960; *People v Alvino*, 71 NY2d 233, 241).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Sullivan, J. P., Miller, Thompson and Joy, JJ., concur.