■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DEMPSEY, Appellant. [630 NYS2d 331] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered April 22, 1993, convicting him of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, and attempted robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not err when it refused to grant defense counsel's challenge regarding a prospective juror for cause. Pursuant to CPL 270.20 (1) (b) a party may challenge a prospective juror for cause on the ground, inter alia, that "[s]he has a state of mind that is likely to preclude [her] from rendering an impartial verdict based upon the evidence adduced at trial". A challenge for cause under CPL 270.20 is based upon allegations of actual bias (see, People v Torpey, 63 NY2d 361, 366; People v Archer, 210 AD2d 241; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 270.20, at 425).

In the case at bar, the juror's responses to defense counsel's inquiries did not rise to the level of actual bias or otherwise indicate that she would be unable to render an impartial verdict. Accordingly, there was no need to administer an expurgatory oath to the juror since no actual bias was demon-

strated and after inquiry by the court, the juror indicated that she would follow the law. Under such circumstances, the court properly refused to excuse this juror for cause *(see, People v Burns,* 169 AD2d 773; *cf., People v Torpey,* 63 NY2d 361, *supra; People v Brown,* 111 AD2d 248). Moreover, the defendant did not exhaust his peremptory challenges and was therefore not prejudiced by having had to use a peremptory challenge to excuse the juror in question *(see, People v Hewitt,* 189 AD2d 781).

The court's statements during the defense counsel's questioning of witnesses and during proceedings outside the presence of the jury were proper. During both the witness examinations and arguments on motions, the defense counsel repeatedly challenged the court's rulings, provoking the court's comments that either she control her behavior or she would be held in contempt. Thus, the court's comments were the result of the defense counsel's tactics and did not constitute error *(see, People v Gonzalez,* 38 NY2d 208; *People v Cephas,* 207 AD2d 903; *People v Meade,* 198 AD2d 307).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Pizzuto, Santucci and Florio, JJ., concur.