■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIMANI LOCKHART, Appellant. [632 NYS2d 656] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered November 15, 1993, convicting

him of robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he was entitled to have counsel present during the lineup because he was represented by counsel in another, unrelated case. At the *Wade* hearing, the detective who arranged the lineup testified, contrary to the defendant's testimony, that the defendant never asked for his counsel at the lineup. The hearing court determined that the credibility of the detective outweighed that of defendant. Consequently, the hearing court properly denied the branch of the defendant's omnibus motion which was to suppress the testimony about the identification of the defendant at the lineup *(see, People v LaClere,* 76 NY2d 670; *People v Coates,* 74 NY2d 244).

While the testimony concerning the defendant's prior criminal activity was improper *(see, People v Vails,* 43 NY2d 364; *People v Henry,* 166 AD2d 720), the mere mention of uncharged criminal activity does not irretrievably prejudice the defendant. The prejudice may be alleviated by the court's sustaining the defendant's objection and taking prompt curative action *(see, People v Santiago,* 52 NY2d 865). The trial court in this case properly sustained defense objections to the testimony in question and promptly gave the jury a curative instruction, thereby obviating any prejudice to the defendant *(see, People v Santiago, supra).* As a result, the court did not improvidently exercise its discretion by denying the defendant's motion for a mistrial *(see, People v McCallop,* 159 AD2d 731). Sullivan, J. P., Miller, Copertino and Goldstein, JJ., concur.