■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO HERNANDEZ, Appellant. [636 NYS2d 74] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered September 7, 1993, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court correctly denied the defendant's challenged for cause to a venireperson (see, CPL 270.20 [1] [b]). During voir dire, in response to questioning from the defense counsel, the subject venireperson said that because he would like "to hear [the defendant's] side of [the] story also", he had a "problem" with the judicial tenet that a defendant has no obligation to testify. Upon hearing the venireperson voice this concern, the court instructed the panel of venirepersons that under the law the defendant is presumed innocent, he has "no obligation to say anything", and the burden of proof lies wholly with "the government". Further, the court specifically stated that contrary to the defense counsel's claim, it had paid "very close attention" to the venirepersons and did not observe the subject venireperson make any hand motion indicating disagreement with the court's instruction.

Contrary to the defendant's contention, we find that the

concern manifested by the subject venireperson did not rise to a level of actual bias or otherwise indicate that he would be unable to render an impartial verdict *(see, People v Archer,* 210 AD2d 241). As in *People v Archer (supra),* the defense counsel's questioning of the venireperson excluded the fact at trial, the jury would also hear cross-examination of the People's witnesses. As such, the venireperson's responses to the defense counsel's questioning were both logical and unbiased. Accordingly, since no actual bias was evinced, there was no need for the court to administer an expurgatory oath or sustain the defendant's challenge for cause *(see,* CPL 270.20 [1] [b]; *People v Archer, supra,* at 242).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Pizzuto, Santucci and Joy, JJ., concur.

O'Brien, J. P., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: I agree with the defendant that the court erred in denying his challenge for cause of a prospective juror pursuant to CPL 270.20 (1) (b). Because the defendant peremptorily challenged the juror and exhausted his peremptory challenges before the completion of jury selection, the denial of his challenge for cause was reversible error *(see, People v Torpey,* 63 NY2d 361; CPL 270.20 [2]).

Contrary to my colleagues, I conclude that the defendant made a prima facie showing that the prospective juror who had a "problem" rendering a verdict if the defendant did not testify evidenced a state of mind that was likely to preclude him from rendering an impartial verdict. Although the court reinstructed the panel of prospective jurors on the presumption of innocence and the People's burden of proof, this prospective juror was not directly asked whether he would follow the court's instructions in this regard. In fact, when the defendant challenged this juror for cause, there was a disagreement between the court and the defense counsel as to whether the juror had made a hand motion indicating that he had some difficulty with the court's instructions. The court rejected the defense counsel's suggestion that it question the juror further.

The trial court, particularly in light of the disagreement with the defense counsel over the juror's response to its instructions, should have made an inquiry as to whether this juror's state of mind would influence his verdict and whether he would render an impartial verdict based solely on the evidence *(see, People v Torpey, supra,* at 367; *People v Blyden,* 55 NY2d 73, 77-78; *cf., People v Lee,* 193 AD2d 759; *People v Burns,* 169

AD2d 773). I find that the case at bar is distinguishable from *People v Archer* (210 AD2d 241), relied upon by the majority because, in that case, there was nothing in the record to indicate that the prospective juror would not follow the court's instruction so that she would have difficulty rendering an impartial verdict.