OPINION OF THE COURT
Anne G. Feldman, J.
Defendants were convicted after trial of criminal sale of a controlled substance in the first degree.
*348 This opinion expands upon the court’s March 1, 1996 oral ruling, denying defendants’ challenge for cause of a prospective juror (juror No. 10 on Mar. 1, 1996).[1]
The issue, apparently one of first impression, is whether the potential juror’s occupation as a Principal Law Clerk to a Judge makes her ineligible as a matter of law to serve as a juror. Defendants’ grounds for seeking to have the juror dismissed for cause consisted of a conclusory comment that she was acquainted with all defense counsel,[2] her occupation as a law clerk to a New York Supreme Court Justice in Kings County,[3] and the possibility that the trial might interfere with her vacation plans.
In abolishing all statutory exemptions for jury service, the legislative intent was to terminate the policy wherein all persons in certain designated occupations had been statutorily exempt from jury service (Judiciary Law § 512, repealed by L 1995, ch 86, § 5, eff Jan. 1, 1996). By seeking to remove this juror for cause defendants, as a practical matter, are asking the court to restore one of the exemptions the Legislature has chosen to end.
On the record before it the court finds defendants’ objection to this particular juror without merit.
The potential juror had served as a juror on a Federal criminal case while serving as a law clerk. She stated unequivocally that she could be fair in this case, responding with balanced objectivity to all questions. In response to a question by the prosecution she said that if the undercover officer was credible his testimony alone would be sufficient as identification evidence. Answering defense counsels’ questions, she indicated that she could be fair to an absent defendant and that she believed it possible that a police officer would lie on the stand.
Among the relationships enumerated in CPL 270.20 (1) (c) which would justify excusing a juror for cause is whether the relationship between the prospective juror and counsel is "of such nature that it is likely to preclude [her] from rendering an impartial verdict.” (CPL 270.20 [1] [c]; see, People v Branch, 46 NY2d 645, 651.) An essentially professional relationship *349 (People v Rentz, 67 NY2d 829, 831) or a "nodding acquaintance” (People v Provenzano, 50 NY2d 420, 425) is insufficient to deem a juror unable to render an impartial verdict.
The focus of the only personal inquiry put to the juror was whether her pending vacation plans would interfere with her ability to serve as a juror. She responded that her plans could be adjusted if necessary and would not present an obstacle to her service. No amplification was elicited or offered concerning counsels’ unsubstantiated reference to personal relationships with the juror.
Similarly, counsel did not elaborate on their claim that the juror’s alleged "expertise” justified a challenge for cause. The repeal of all exemptions pursuant to Judiciary Law § 512 became effective on January 1, 1996. Lawyers were thus included among citizens of the State who are now presumed qualified to serve as jurors. No special exemption was carved out for lawyers who work for the court system as advisors to Judges. A vaguely expressed concern that the juror’s knowledge might affect other jurors is insufficient to justify her dismissal for cause.

. After the court denied their challenge for cause defendants exercised a preemptory challenge of that juror and subsequently exhausted their statutorily authorized 20 preemptory challenges before the conclusion of juror selection. Accordingly, the court’s refusal to excuse the juror becomes an appealable issue (see, People v Dempsey, 217 AD2d 705).

. "[S]he knows all of us personally”.

. "[W]ith her expertise * * * the jury would look to her”.