■ JEANETTE B. ARONOFF, Appellant, v UNITED FEDERATION OF TEACHERS, Respondent and Third-Party Plaintiff. MADISON BUILDING SERVICES, Third-Party Defendant-Respondent. [648 NYS2d 591] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about July 10, 1995, which granted third-party defendant's motion and defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In an action for damages, plaintiff alleges she was performing a sliding step dance maneuver during a dance class when

she slipped and fell, sustaining bodily injury. The motion court properly concluded that plaintiff had failed to establish a prima facie case of negligence. The evidence proffered by plaintiff that the dance floor was "very slippery" and appeared to be frequently waxed was insufficient to raise a triable issue of fact as to a negligent application of wax (*compare, Sapinkopf v Host*, 224 AD2d 512, *with Panagakos v Greek Archdiocese*, 213 AD2d 336; *see also, Galler v Prudential Ins. Co.*, 63 NY2d 637). Furthermore, there was no evidence of actual or constructive notice of a wet substance allegedly observed on the floor by plaintiff only seconds before her fall. Plaintiff's bald assertion that, months before the accident, she and other members of the class had complained of a similar condition to defendant's employees is without record support and, in any event, there is no claim that her prior complaints were of the particular condition existing on the date in question. Nor is there any proof that the alleged wet condition was "visible and apparent and * * * exist[ed] for a sufficient length of time" to give rise to constructive notice (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837), or that said condition recurred at regular intervals, such that an owner who had actual knowledge of reoccurrences would be charged with constructive notice of each specific occurrence (*see, Weisenthal v Pickman*, 153 AD2d 849). Concur—Rosenberger, J. P., Ellerin, Ross, Nardelli and Mazzarelli, JJ.