■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BURTS, Appellant. [655 NYS2d 11] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered May 24, 1994, convicting defendant, after a jury trial, of attempted robbery in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent prison terms of 2 to 4 years and 1 year, respectively, unanimously affirmed.

The court properly denied defendant's challenge for cause to a prospective juror who had initially expressed a desire to hear defendant's testimony. The prospective juror did not demonstrate bias toward defendant or indicate that she would be unable to render an impartial verdict (*see, People v Hernandez*, 222 AD2d 696, *lv denied* 88 NY2d 986; *People v Archer*, 210 AD2d 241, *lv denied* 84 NY2d 1028), and the totality of her responses indicated an ability to decide the case impartially (*see, People v DeHoyas*, 234 AD2d 147; *People v Middleton*, 220 AD2d 202, *lv denied* 87 NY2d 848). Concur—Milonas, J. P., Ellerin, Wallach and Nardelli, JJ.

■ SHERON CASSANOVA et al., Appellants, v GENERAL CINEMA CORP. OF NEW YORK, INC., Respondent. [654 NYS2d 758] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered January 23, 1996, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Since there was no evidence that defendant had actual or constructive notice of the condition that caused plaintiff's fall or that defendant created the condition, summary judgment dismissing the complaint was properly granted (*see, Moss v JNK Capital*, 211 AD2d 769, *affd* 85 NY2d 1005). Indeed, plaintiffs failed to offer any admissible evidence as to how the slippery substance that allegedly caused her to fall got onto the floor or how long it was there prior to her fall (*see, Aronoff v United Fedn. of Teachers*, 232 AD2d 311). Plaintiffs' expert's affidavit is purely conclusory and fails to sufficiently raise a factual issue. Plaintiffs' recitals of statements made by an unidentified employee of defendant are hearsay and not competent evidence to defeat the motion since it does not appear that the statements were made within the scope of the employee's authority (*see, Loschiavo v Port Auth.*, 58 NY2d 1040). Concur—Milonas, J. P., Ellerin, Wallach and Nardelli, JJ.