■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL STONE, Appellant. [659 NYS2d 674] —Judgment unanimously affirmed. Memorandum: County Court did not abuse its discretion in denying defendant's challenge for cause of a prospective juror who defendant contended was unfit to serve (see, People v Holder, 204 AD2d 482, lv denied 83 NY2d 968). Further, defendant was not prejudiced when the court excused the prospective juror based upon the People's peremptory challenge (see, CPL 270.20 [2]). Similarly, the court properly exercised its discretion in denying the challenge of defendant for cause of another prospective juror because his responses to the questions of defense counsel did not indicate that he possessed "a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence ad-

duced at the trial" (CPL 270.20 [1] [b]; *see, People v Hernandez,* 222 AD2d 696, 696-697, *lv denied* 88 NY2d 879, 986; *People v Archer,* 210 AD2d 241, *lv denied* 84 NY2d 1028). Further, the court did not abuse its discretion in granting the People's challenge for cause of a third prospective juror, who expressed concern regarding the credibility of a prosecution witness who had negotiated a plea to a lesser charge in return for his testimony and who questioned the propriety of having two prosecutors in the case and only one defense counsel (*see, People v Branch,* 46 NY2d 645, 651-652; *People v Sumpter,* 237 AD2d 389). In any event, the court's ruling is not a ground for reversal because the People did not exhaust all of their peremptory challenges before the completion of jury selection (*see,* CPL 270.20 [2]).

Defendant further contends that his equal protection rights were violated because the People had access to the criminal record of a prospective juror that was not equally accessible to him. That prospective juror, who was clearly unqualified to serve, was excused for cause by consent. Thus, regardless of the propriety of the procedure, defendant was not aggrieved thereby.

We reject the contention of defendant that he was denied his right to be present at a material stage of trial because he was absent from an in camera conference with a prospective juror. After responding to preliminary questions by the People, but before defense counsel questioned him, the prospective juror asked to speak privately to the court. The court spoke to the juror on the record but outside the presence of counsel and defendant. The prospective juror revealed to the court that he had received a telephone call from a person who told him that he had better get on the jury and make sure that defendant was acquitted, "or else". After the court had an off-the-record discussion with counsel and defendant, defense counsel and the People agreed that the prospective juror should be excused for cause. The court properly exercised its discretion to speak to the prospective juror in camera and to evaluate his fear for his safety outside of the presence of counsel and defendant (*see, People v Wilson,* 211 AD2d 136, 141, *affd* 88 NY2d 363). Further, the prospective juror was excused because the understandable fear for his safety precluded him from rendering an impartial verdict. Therefore, "defendant's presence could not have afforded him * * * any meaningful opportunity to affect the outcome" (*People v Roman,* 88 NY2d 18, 26, *rearg denied* 88 NY2d 920; *see also, People v Irving,* 234 AD2d 31, *lv denied* 89 NY2d 924).

Defendant not only did not object when the prosecutor directed a witness to read verbatim from the transcript of his Grand Jury testimony, he acquiesced in his doing so. Thus, defendant failed to preserve that issue for our review (*see*, CPL 470.05 [2]) and has waived it. We decline to exercise our power to address that issue as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

The contention of defendant that prosecutorial misconduct deprived him of a fair trial is also without merit (*see*, *People v Galloway*, 54 NY2d 396; *People v Roopchand*, 107 AD2d 35, *affd* 65 NY2d 837; *People v Plant*, 138 AD2d 968, *lv denied* 71 NY2d 1031).

The contentions of defendant that his conviction of murder in the second degree (Penal Law § 125.25 [1]) is not supported by legally sufficient evidence and is against the weight of the evidence are without merit (*see*, *People v Bleakley*, 69 NY2d 490, 495). Further, the contention of defendant that his conviction of murder in the second degree is repugnant to his conviction of assault in the third degree with respect to another victim is not preserved for our review; defendant failed to raise that contention before the jury was discharged (*see*, *People v Satloff*, 56 NY2d 745, 746, *rearg denied* 57 NY2d 674; *People v Gross*, 184 AD2d 1051, *lv denied* 80 NY2d 904).

Finally, in light of the heinous nature of the crimes, we conclude that defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, Rogowski, J.—Murder, 2nd Degree.) Present—Pine, J. P., Callahan, Doerr, Balio and Boehm, JJ.