■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD BUDD, Appellant. [681 NYS2d 51] —Appeal by the defendant from a judgment of the County Court, Westchester County (Ryan, J.), rendered June 6, 1997, convicting him of burglary in the second degree, petit larceny, criminal possession of stolen property in the fifth degree, criminal mischief in the fourth degree, and possession of burglars' tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The trial court erred in denying the defendant's challenge for cause with respect to a juror who stated that if somebody was accused of a crime, "that person would need to say, I wasn't here. I was there or I couldn't have done this because I did thus and such" (see, CPL 270.20 [1] [b]; People v Blyden, 55 NY2d 73). On the record before this Court, it is unclear whether the juror in question would have been able to render an impartial verdict if the defendant did not testify at trial. The trial court did not conduct a follow-up inquiry to establish that the juror would follow its instructions, including one that the defendant has the right to remain silent, and that the People always carry the burden of proof (see, People v Hernandez, 222 AD2d 696; People v Archer, 210 AD2d 241; People v Lee, 193 AD2d 759; People v Burns, 169 AD2d 773). The defendant was prejudiced because he used his allotment of peremptory challenges before jury selection was completed (see, People v Bentz, 232 AD2d 498; People v Dempsey, 217 AD2d 705; People v Hewitt, 189 AD2d 781).

Since the issue is likely to arise in the new trial, we note that the defendant's contention that the court improperly charged the jury on the intent element of burglary in the second degree is without merit (*cf., People v Gaines,* 74 NY2d 358).

In light of our determination, we need not reach the defendant's remaining contention. Ritter, J. P., Thompson, Santucci and Joy, JJ., concur.