◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE RUDOLPH, Appellant. [698 NYS2d 912] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered November 22, 1994, convicting him of murder in the second degree (two counts) and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the failure of the Supreme Court to make findings of fact pursuant to CPL 710.60 (4) does not require reversal where the record of the hearing is sufficient for this Court to make such findings (*see, People v Matthews,* 222 AD2d 457; *People v Scott,* 168 AD2d 523). The record supports the conclusion that the defendant's statements to the police were voluntary and that the police identification procedures were not suggestive.

The Supreme Court did not err in denying the defendant's challenge for cause to a juror who indicated, in response to the defense counsel's questioning, that she believed the defendant

had an obligation to testify. A challenge for cause pursuant to CPL 270.20 (1) (b) is based upon allegations of "actual bias" (*see, People v Torpey,* 63 NY2d 361, 367). When the court advised the juror that an adverse inference may not be drawn against the defendant if he does not testify, the juror responded "Yes, your Honor". Under the circumstances, the juror's response did not constitute actual bias, and the court properly refused to excuse the juror for cause (*see, People v Hernandez,* 222 AD2d 696; *People v Archer,* 210 AD2d 241).

The defendant's *pro se* motion to dismiss the indictment on constitutional speedy trial grounds (*see,* CPL 30.20) was properly denied (*see, People v Taranovich,* 37 NY2d 442).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. O'Brien, J. P., Santucci, Friedmann and Florio, JJ., concur.