■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONSTANTINE CHRONIS, Appellant. [723 NYS2d 691] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Lefkowitz, J.), rendered April 19, 1999, convicting him of assault in the first degree, menacing in the second degree, and official misconduct, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the evidence was legally insufficient to sustain his conviction of assault in the first degree based on depraved indifference (*see,* Penal Law § 120.10 [3]), is not preserved for appellate review (*see,* CPL 470.05 [2]; *People v Rodriguez,* 200 AD2d 775; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of this charge beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant contends that the trial court committed reversible error when it denied his challenges for cause against two prospective jurors, on the ground that they gave equivocal responses to the defense counsel's questions as to whether they could remain impartial if the defendant chose not to testify at trial. Since the defendant did not exercise any of his available peremptory challenges with respect to one of the jurors, his claim as to that individual is not properly before this Court (*see,* CPL 270.20 [2]; *People v Foster,* 64 NY2d 1144, 1146, *cert denied* 474 US 857; *People v Torpey,* 63 NY2d 361; *People v Hewitt,* 189 AD2d 781). In any event, the defendant's contention is without merit. Both individuals unequivocally stated they would follow the trial court's instructions not to draw any neg-

ative inferences against the defendant should he decide not to testify (*see, People v Rudolph,* 266 AD2d 568; *People v Archer,* 210 AD2d 241).

The defendant's contention that in imposing sentence the trial court improperly considered his decision not to assist in the prosecution of a codefendant is unpreserved for appellate review (*see, People v Hurley,* 75 NY2d 887). In any event, the County Court properly imposed sentence based on the nature and gravity of the crimes charged, the impact of the crime on the victim and his family, as well as, the defendant's criminal history (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Altman, J. P., Florio, Schmidt and Smith, JJ., concur.