■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL HART, Appellant. [734 NYS2d 472] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered June 28, 2000, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his right to be present at all material stages of the trial was violated when the Trial Judge, in a sidebar conference conducted outside the presence of the defendant but placed on the record, entertained the concerns of a juror who complained that she was not feeling well and wanted to be, but was not, excused.

Contrary to the defendant's contention, such inquiry by the Trial Judge into an impaneled juror's continuing fitness to serve is not "a core segment of trial" and reversal is mandated only if the defendant's absence "might have had an effect on the opportunity to defend" (*People v Aguilera,* 82 NY2d 23, 34; *see, People v Pennisi,* 217 AD2d 562). The defendant failed to establish that his presence during the subject inquiry would have had "a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge" (*Snyder v Massachusetts,* 291 US 97, 105-106).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Florio, Schmidt and Smith, JJ., concur.