■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS NARVAEZ, Appellant. [749 NYS2d 56] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (R.E. Rivera, J.), rendered June 8, 1998, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defense counsel's challenge for cause of a prospective juror who stated a preference that the defendant testify on his own behalf. After receiving an instruction by the court on the burden of proof, the juror stated unequivocally that he would follow the law (*see People v Chronis,* 282 AD2d 687; *People v Rudolph,* 266 AD2d 568, 569). The determination of the Supreme Court, which is given great deference on appeal, that the defense counsel's reasons for challenging another juror were pretextual, was cor-

rect (*see Hernandez v New York,* 500 US 352, 364-366; *People v Guess,* 208 AD2d 559; *People v Jones,* 204 AD2d 485).

The defense counsel did not make a prima facie showing of discrimination in raising a *Batson* objection (*see Batson v Kentucky,* 476 US 79) to the prosecutor's use of three of her peremptory challenges. He relied solely on the number of black venirepersons challenged to support his request for race-neutral explanations and offered no showing of facts and circumstances sufficient to raise an inference of a pattern of discrimination (*see People v Jenkins,* 84 NY2d 1001, 1003; *People v Childress,* 81 NY2d 263, 267-268; *People v Redish,* 262 AD2d 664, 665). Ritter, J.P., Altman, H. Miller and Adams, JJ., concur.