■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v UROVSKY VILFORT, Also Known as WALLY BONNEAU, Appellant. [822 NYS2d 62]—

Judgment, Supreme Court, New York County (Michael A. Corriero, J.), rendered August 11, 2004, convicting defendant, after a jury trial, of three counts of robbery in the second degree, and sentencing him to concurrent terms of $3^{1}/_{2}$ to 7 years, unanimously affirmed.

Defendant claims his counsel provided ineffective assistance when, after two prospective jurors said that defendant's failure to testify might impact their decision, counsel declined the court's suggestion that he question them further, and permitted them to be seated without exercising any type of challenge. This claim is unreviewable on direct appeal because it involves matters of strategy outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). The record does not reveal on what basis counsel might have concluded that these were desirable jurors for the defense, and that further inquiry was unnecessary. In particular, counsel may have been influenced by these jurors' demeanor, which is not reflected in the record. On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Viewing the voir dire as a whole, the ambiguous comments by the two jurors did not cast serious doubt on their ability to be fair (*see People v Burts*, 237 AD2d 155 [1997], *lv denied* 90 NY2d 856 [1997]). Furthermore, in the colloquy between counsel and the court concerning these jurors, counsel stated that his client intended to testify (a prediction that proved accurate), and that counsel believed this rendered moot any concern about the jurors' comments. On this record, we find counsel's conclusion to be reasonable. Concur—Andrias, J.P., Marlow, Nardelli, Williams and Sweeny, JJ.