People v Vias (2018 NY Slip Op 08699)





People v Vias


2018 NY Slip Op 08699


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2014-05188
 (Ind. No. 135/12)

[*1]The People of the State of New York, respondent,
v
Eduardo Vias, appellant.


Paul Skip Laisure, New York, NY (Tammy E. Linn and Isa Grigoryev of counsel), for appellant, and appellant pro se.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Robert J. Collini, J.), rendered May 8, 2014, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court improperly curtailed counsels' questioning of certain prospective jurors while failing to conduct a sufficient inquiry to determine if those prospective jurors could be fair and impartial is unpreserved for appellate review (see CPL 470.05[2]; People v Cunningham, 119 AD3d 601, 601; People v Toussaint, 40 AD3d 1017). In any event, the defendant's contention is without merit, as the record establishes that the court and the attorneys fully explored any potential bias or concerns with respect to the prospective jurors in question, and the court either properly excluded them or obtained unequivocal assurances that they would follow the law and be impartial (cf. People v Bludson, 97 NY2d 644; People v Johnson, 94 NY2d 600, 614; People v Rudolph, 266 AD2d 568, 569).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court