People v Rodney

2026 NY Slip Op 02078

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Neil Rodney, Appellant.

Decided and Entered: April 07, 2026

Ind. No. 2249/15|Appeal No. 6304|Case No. 2019-03415|

Before: Scarpulla, J.P., Friedman, Shulman, Rodriguez, Rosado, JJ.

Twyla Carter, The Legal Aid Society, New York (J.M. Boselli of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Christopher P. Marinelli of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Jeannette Rodriguez-Morick, J.), rendered April 1, 2019, convicting defendant, after a jury trial, of assault in the third degree and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent jail terms of four months, unanimously affirmed.

Without a CPL 440.10 motion, defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters of strategy outside the record (see People v Maffei, 35 NY3d 264, 269-270 [2020]). "The record does not reveal on what basis counsel might have concluded that [this was a] desirable juror[] for the defense, and that further inquiry was unnecessary. In particular, counsel may have been influenced by [the] juror['s] demeanor, which is not reflected in the record" (People v Vilfort, 33 AD3d 368, 369 [1st Dept 2006], lv denied 7 NY3d 929 [2006]). To the extent that the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]).

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]; see also People v Baque, 43 NY3d 26 [2024]). The credibility assessments of witnesses requires us to "give great deference to the jury's verdict precisely because the memory, motive, mental capacity, accuracy of observation and statement, truthfulness and other tests of the reliability of witnesses can be passed upon with greater safety by those who see and hear than by those who simply read the printed narrative" (People v Romero, 7 NY3d 633, 645 [2006] [brackets and internal quotation marks and citations omitted]). There is no basis to disturb the jury's credibility determinations, which were amply supported by the record.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026