■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARIM JOHNSON, Appellant. [681 NYS2d 489] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered March 21, 1996, convicting defendant, after jury trial, of six counts of robbery in the first degree and two counts of attempted robbery in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 12½ to 25 years on each of the robbery counts and 7½ to 15 years on each of the attempted robbery counts, reversed, on the law, and the matter remanded for new trial.

The sole issue on this appeal is identical to one of the issues in People v Sharper (255 AD2d 135 [decided herewith]): that of a juror in the joint trial who was found qualified to sit (a defense challenge for cause having been overruled, followed by exhaustive peremptory challenges), despite expressing a heavy bias in favor of police testimony over layperson testimony. Our reversal herein is for the reasons stated by the majority in Sharper.

We would only note that the dissents herein have focused upon, and found insufficient, an alternative basis for the juror's

request to be excused, namely, his expressed concern about the injurious effect that an extended absence might have on his hospital internship. The fact that defense counsel may have concluded his argument with this point does not, as a matter of law, constitute abandonment of the earlier preserved bias ground, nor does it dilute the significance of the bias manifested by the juror. Notwithstanding the deference normally accorded to the ruling of a Trial Judge at voir dire, the prospective juror's bias was conclusively established by the record here. Challenge of this juror should have been granted for cause. Concur—Wallach, Tom and Saxe, JJ. Ellerin, J. P., and Mazzarelli, J., dissent in separate memoranda as follows.

Ellerin, J. P. (dissenting). A reading of a cold record cannot reflect the reality of the jury selection dynamic that is the setting within which the Trial Judge makes a determination as to whether a challenge for cause to a potential juror should be granted. When an experienced Trial Judge, who has had the benefit of the facial expressions, body gestures and other indicia of sincerity that no record can capture, makes a determination rejecting the cause challenge it should not be lightly disregarded. In this instance the Judge obviously concluded that while the potential juror's answers may have reflected an excess of caution, they did not manifest actual bias or a state of mind that would make it likely to preclude him from rendering an impartial verdict (see, People v Smith, 232 AD2d 209, lv denied 89 NY2d 946). As indicated in the dissent by Mr. Justice Nardelli in the case of the codefendant Chance Sharper (255 AD2d 135, 141 [decided herewith]) in which I concur, this conclusion is bolstered by the significantly greater emphasis placed by defense counsel on the alternative issue of the doctor's concern about the possibility of being away from the hospital for an extended period of time, after a brief and perfunctory observation that the doctor might not be able to fairly assess police testimony, without further exploration of that issue. Accordingly, I would affirm the conviction in this case as well as in the codefendant Sharper's case since denial of the challenge for cause was an appropriate exercise of the court's discretion.

Mazzarelli, J. (dissenting). During the third round of jury selection, Juror No. 7, a doctor at Bellevue Hospital who had considerable contact with prisoners and police officers in the course of his work, expressed uncertainty as to whether he could be fair in a criminal case because he had "a lot of trust and respect for police officers." When the court inquired as to whether he could evaluate police testimony fairly, he responded "I don't know, but I would guess so, but I am not positive." The

juror subsequently volunteered that he would tend to favor police testimony over that of a civilian witness. Additionally, when the court raised the issue of possible sequestration, the juror asserted that his absence from his work assignment at the hospital might interfere with his ability to concentrate on the trial.

Defense counsel challenged this juror for cause on two grounds. He pointed to the juror's comments about favoring police testimony, and "equally if not more important" argued that the juror would not be able to deliberate because of his preoccupation with his medical duties. The prosecutor opposed the challenge, focusing solely on the latter ground. The prosecutor argued that the juror admitted that a replacement would fulfill his medical duties, and that he could satisfy that rotation at a later date. The court interjected that it perceived no stress or urgency in the doctor's desire to complete this particular tour of duty. Defense counsel's only response was: "He said he would be distracted." The court denied the challenge for cause and the defense exercised a peremptory challenge as to this juror.

The challenge for cause was properly denied. Although defense counsel initially raised the question of bias, the record demonstrates that this objection was abandoned in favor of what counsel perceived to be the stronger basis for disqualification. After the prosecutor and the court directed their remarks exclusively to the issue of the juror's preoccupation with his work duties, defense counsel himself tailored his arguments to that issue. He never raised the issue of bias again, even after the court announced it was denying the challenge for cause. This perfunctory objection was insufficient to alert the court that the defense was pursuing the bias argument as a ground for disqualification (*see, People v Anderson,* 242 AD2d 489, *lv denied* 91 NY2d 888).

Additionally, as the determination of whether a juror should be disqualified is "committed largely to [the] judgment of the Trial Judge with his peculiar opportunities to make a fair evaluation" (*People v Williams,* 63 NY2d 882, 885), I agree with the Trial Judge's determination in this case that the juror's concerns regarding his employment were not so substantial as to "preclude him from rendering an impartial verdict" (CPL 270.20 [1] [b]).