■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MYRON A. WHITE, Appellant. [714 NYS2d 179] —Judgment unanimously reversed on the law and new trial granted. Memorandum: On appeal from a judgment convicting him of sodomy in the first degree (Penal Law § 130.50 [2]), defendant contends

that County Court erred in denying his challenge for cause to a prospective juror. We agree. Where, as here, a defendant's peremptory challenges are exhausted before jury selection is complete, an erroneous denial of a challenge for cause constitutes reversible error (*see*, CPL 270.20 [2]; *People v Sharper*, 255 AD2d 139, 140, *affd* 94 NY2d 600). A challenge for cause should be granted when a prospective juror manifests a state of mind that is likely to preclude him or her from rendering an impartial verdict (*see*, *People v Torpey*, 63 NY2d 361, 368). A prospective juror who expresses "a heavy bias in favor of police testimony over layperson testimony" (*People v Johnson*, 255 AD2d 136, *affd* 94 NY2d 600) and "cannot unequivocally promise to set aside th[is] bias" should be removed for cause (*People v Sharper, supra*, at 140).

The record establishes that the prospective juror advised the court that she would be more "inclined to believe a police officer than a man on the street." Upon further questioning by the court, the juror stated that she "would try" to set aside that bias, but was not sure that she could. The court, in an attempt to clarify the juror's beliefs, utilized the wrong standard. Instead of inquiring whether the juror would give the same evenhanded scrutiny to the testimony of a police officer as she would to that of any other witness (*see*, 1 CJI[NY] 2.52), the court inquired whether the juror would be more inclined to believe a police officer because he had no "motive to fabricate". Moreover, the record establishes that the court's questioning of the juror was adversarial and continued until the prospective juror finally responded in the affirmative to the court's questioning. Notwithstanding the deference normally accorded to the ruling of a Trial Judge at voir dire, on this record we conclude that the prospective juror's heavy bias in favor of police testimony was conclusively established (*see*, *People v Johnson, supra*, at 136-137), and that the prospective juror did not "unequivocally promise to set aside th[is] bias" (*People v Sharper, supra*, at 140). Thus, the challenge to the prospective juror for cause should have been granted (*see*, *People v Johnson, supra*).

There is no merit to defendant's contentions that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence on the issue of consent (*see*, *People v Bleakley*, 69 NY2d 490, 495). In view of our determination, we do not address defendant's remaining contentions on appeal. (Appeal from Judgment of Yates County Court, Bender, J.—Sodomy, 1st Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Kehoe and Lawton, JJ.