■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL BLUDSON, Appellant. [725 NYS2d 476] —Judgment affirmed. Memorandum: Supreme Court properly rejected defendant's Batson claim. Defendant failed to present a prima facie case by establishing the existence of "facts and other relevant circumstances sufficient to raise an inference that the prosecution exercised its peremptory challenges to exclude potential jurors because of their race" (People v Childress, 81 NY2d 263, 266; see also, People v Cousin, 272 AD2d 477, 478, lv denied 95 NY2d 851), and thus the burden never shifted to the prosecutor to provide a race-neutral reason for the challenge (see, People v Childress, supra, at 266).

The court did not abuse its discretion in denying defendant's challenges for cause to three jurors. The first juror at issue stated during questioning by defense counsel that she believed that defense counsel was hired to prove defendant's innocence and that she would expect defense counsel to prove that defendant did not commit the crimes. Her answers, however, do not indicate actual bias or otherwise indicate that she possessed a state of mind that would prevent her from rendering an impartial verdict based on the evidence at trial (see, People v Wiegert, 248 AD2d 929, lv denied 91 NY2d 1014; People v Madison, 230 AD2d 807, lv denied 89 NY2d 925). The fact that a juror expresses the opinion that defendant must prove his innocence does not require that juror's automatic exclusion for cause; "the mere existence of any preconceived notion as to guilt or innocence is insufficient to rebut the presumption of impartiality" (People v Butts, 140 AD2d 739, 740; see, People v Brzezicki, 249 AD2d 917, 918; People v Smyers, 167 AD2d 773, lv denied 77 NY2d 967). Here, the juror, upon questioning by the court, answered affirmatively that she could accept the presumption of innocence. Her answers to defense counsel's

questions do not indicate that she would be unable to follow the court's instructions in that regard (*cf., People v Brzezicki, supra,* at 918-919).

When asked whether he would "hold it against defendant" if defendant did not testify, the second juror at issue stated that it might influence him adversely because he would like to hear "every side of the story." The fact that a juror expresses a preference that defendant testify does not demonstrate actual bias (*see, People v Rudolph,* 266 AD2d 568, 568-569, *lv denied* 94 NY2d 906; *People v Hernandez,* 222 AD2d 696, 696-697, *lv denied* 88 NY2d 879, 986; *People v Archer,* 210 AD2d 241, *lv denied* 84 NY2d 1028; *People v Lee,* 193 AD2d 759, 760, *lv denied* 82 NY2d 721).

The third juror at issue stated that he had heard a radio report that there had been a pretrial ruling in this case, but did not know the facts upon which it was based. The fact that a juror may have heard a news report about a case does not, by itself, disqualify the juror (*see, People v Taylor,* 97 AD2d 983, 984). The juror indicated that, despite what he had heard on the radio, he could limit his decision to the proof he heard in the courtroom. Under those circumstances, the court did not abuse its discretion in denying the challenge for cause.

Finally, the court did not abuse its discretion in requiring defendant to be escorted by a deputy to sidebar conferences with potential jurors (*see, People v Vargas,* 88 NY2d 363, 376-377).

All concur except Green and Wisner, JJ., who dissent and vote to reverse in the following Memorandum:

Green and Wisner, JJ. (dissenting). We respectfully dissent. Each of the three jurors challenged for cause by defendant revealed "knowledge or opinions reflecting a state of mind likely to preclude impartial service" (*People v Johnson,* 94 NY2d 600, 614; *see,* CPL 270.20 [1] [b]). Upon further questioning, the challenged jurors did not give "unequivocal assurance that they [could] set aside any bias and render an impartial verdict based on the evidence" (*People v Johnson, supra,* at 614). Therefore, Supreme Court erred in denying defendant's challenges for cause and, because defendant exhausted his peremptory challenges prior to the completion of jury selection, reversal and a new trial are required (*see, People v White,* 275 AD2d 913, 914). (Appeal from Judgment of Supreme Court, Onondaga County, Hafner, Jr., J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Burns, JJ.