■ The People of the State of New York, Respondent, v Quintin Chambers, Appellant. [727 NYS2d 210] —Judgment affirmed. Memorandum: County Court did not abuse its discretion in denying defendant's challenge for cause to a prospective juror (*see, People v Bludson,* 281 AD2d 948). Defendant contends that the prospective juror indicated a bias in favor of the testimony of police officers, thereby precluding his service as an impartial juror. We disagree. Contrary to defendant's contention, the prospective juror did not "reveal knowledge or opinions reflecting a state of mind likely to preclude impartial service" (*People v Johnson,* 94 NY2d 600, 614). When the pro-

spective jurors were asked collectively by the court and then by defense counsel whether they would give "greater weight to the testimony of a police officer as opposed to any other witness who testifies," none responded in the affirmative (*cf., People v Johnson, supra,* at 603-606). When defense counsel asked, "Is there anyone who feels that a police officer who swears to tell the truth, that the only thing that can come out of their mouth is the truth? Would you all agree with me that it's possible that an officer might exaggerate? I'm not getting a response * * * I want to be sure we have a fair jury. Is there anyone who feels that an officer—than any officer may not—," the following colloquy took place between defense counsel and the prospective juror at issue:

"JUROR: Thinking about what you said, just come to tend to think that trained police officers are good observers, they have a routine and they—I don't think it would necessarily behoove them to exaggerate a whole lot about things. They're doing their job.

"COUNSEL: Okay. Well, do you think that—then it's your belief that a police officer wouldn't get on the stand and lie about anything; is that right?

"JUROR: I don't know. I don't know how to answer that particular question. I guess just thinking that, I would tend to believe police testimony to some degree.

"COUNSEL: Well, to some degree more than other testimony?

"JUROR: Well, I'd like to think I'm fair, but that's just popped into my head when you were talking about that.

"COUNSEL: That's what I'm looking for because, I mean, you'll hear police officers. I don't know if they're going to be telling the truth or not.

"JUROR: Sure.

"COUNSEL: I just want to be sure a juror isn't going to give their testimony any more weight than anyone else. Are you telling me you would do that?

"JUROR: I would try not to let it affect that. I don't think it would be a problem.

"COUNSEL: Well, I think if it's on your mind, it may be a problem. *Do you think* that it could affect you, your ability to be fair and listen fairly to police testimony.

"JUROR: No, I don't think so." (Emphasis supplied.)

The prospective juror did "not indicate actual bias or otherwise indicate that [he] possessed a state of mind that would prevent [him] from rendering an impartial verdict based

on the evidence at trial" (*People v Bludson, supra,* at 948; *see, People v Wiegert,* 248 AD2d 929, *lv denied* 91 NY2d 1014). Furthermore, when asked whether he "thought" his ability to be impartial would be affected, the prospective juror provided the unequivocal response "no," to which he added, "I don't think so," simply mirroring defense counsel's question (*see generally, People v Johnson, supra,* at 614).

"[M]ost if not all jurors bring some predispositions, of varying intensity, when they enter the jury box. It is only when it is shown that there is a substantial risk that such predispositions will affect the ability of the particular juror to discharge his responsibilities (*a determination committed largely to judgment of the Trial Judge with his peculiar opportunities to make a fair evaluation*) that his excuse is warranted" (*People v Williams,* 63 NY2d 882, 885 [emphasis supplied]). "[T]he court's determination to deny the challenge for cause must be given due deference" (*People v Chatman,* 281 AD2d 964, 965; *see, People v Hagenbuch,* 267 AD2d 948, *lv denied* 95 NY2d 797).

All concur except Green, J. P., and Pine, J., who dissent and vote to reverse in the following Memorandum.

Green, J. P., and Pine, J. (dissenting). We respectfully dissent. "[W]hen potential jurors reveal knowledge or opinions reflecting a state of mind likely to preclude impartial service, they must in some form give unequivocal assurance that they can set aside any bias and render an impartial verdict based on the evidence" (*People v Johnson,* 94 NY2d 600, 614). The challenged prospective juror in this case expressed his bias in favor of the testimony of police officers, thus demonstrating that his state of mind was "likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; *see, People v Johnson, supra,* at 614-615; *People v Sumpter,* 237 AD2d 389, 390-391, *lv denied* 90 NY2d 864). The prospective juror asserted that he "would try not to" give the testimony of police officers more weight than that of other witnesses and, when asked whether his views would affect his ability to listen fairly to police testimony, he responded, "No, I don't think so." Contrary to the conclusion of the majority, we conclude that those assertions fall short of an unequivocal declaration of impartiality (*see, People v Sumpter, supra,* at 391; *see generally, People v Burdo,* 256 AD2d 737, 740-741), and thus defendant's challenge for cause should have been granted. Because defendant exhausted his peremptory challenges prior to the completion of jury selection, reversal and a new trial are required (*see,* CPL 270.20 [2]; *People v White,* 275 AD2d 913, 914). (Appeal from Judgment of

Monroe County Court, Dattilo, Jr., J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Hayes, Scudder and Burns, JJ.