■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN P. ZAKER, Appellant. [759 NYS2d 281] —Appeal from a judgment of Genesee County Court (Griffith, J.), entered April 3, 2001, convicting defendant following a nonjury trial of, inter alia, rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a bench trial of one count each of rape in the first degree (Penal Law former § 130.35 [3]) and sexual abuse in the first degree (former § 130.65 [3]) and two counts of sodomy in the first degree (former § 130.50 [3]). Defendant contends that he was denied his right to a fair trial based on the People's untimely disclosure of alleged *Brady* material. We reject defendant's contention that the audiotape at issue constitutes *Brady* material. The audiotape is an interview of the victim conducted at a rape crisis clinic several days after the commission of the crimes charged herein, and the record supports County Court's determination that there is no suggestion on the audiotape that the crimes were not committed or that defendant was not the perpetrator of the crimes. Because the audiotape is not exculpatory, it does not constitute *Brady* material (*see generally People v Cortijo,* 70 NY2d 868, 869-870 [1987]). In any event, the audiotape was provided to defendant the day before the commencement of trial as part of the People's *Rosario* disclosure, and defendant "failed to show that the belated disclosure * * * 'materially contributed to the result of the trial' " (*People v Barney,* 295 AD2d 1001, 1002 [2002], *lv denied* 98 NY2d 766 [2002]). We further reject the contention of defendant that reversal is required based on the court's denial of his request for a continuance to enable him to procure the testimony of the social worker who conducted the interview and to retain an expert to review the audiotape. Although defendant received the audiotape the day before the commencement of trial, he did not request the continuance until mid-trial and made no showing that the testimony of the social worker would be material to any issue of fact at trial or that an expert's review of the audiotape was warranted. Thus, the court did not abuse its discretion in denying defendant's request for a continuance (*cf. People v Spears,* 64 NY2d 698, 699 [1984]). The verdict is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]), and the sentence is neither unduly harsh nor severe.

Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Gorski, JJ.