■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WILSON, Appellant. [776 NYS2d 98]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered December 7, 2001, convicting him of burglary in the third degree, criminal possession of a controlled substance in the fifth degree, criminal possession of stolen property in the fifth degree, and false personation, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant, who is black, argues that the trial court committed reversible error when it refused to discharge for cause a prospective juror who voiced a bias against black people. The juror informed the court that she would not be able to judge the defendant fairly because she and her family had been victims of crimes committed by "people of color." Although she told the court that she would be objective and try to set aside her past experiences, when asked by defense counsel if her past experiences of crime "by a person of color" would influence her ability to be objective, she replied "I don't know. I have to look at the evidence I guess and see. You see the thing is I know what happened in the past does haunt me, but I try not to think about it." When asked if she would be able to set aside her past experiences, she replied "I should be able to do it."

Defense counsel challenged the prospective juror for cause, but the trial court denied the challenge. The defendant's attorney then used a peremptory challenge to remove the juror. Since the defendant exhausted his peremptory challenges before the completion of jury selection, the erroneous denial of a challenge for cause constitutes reversible error (*see* CPL 270.20 [2]; *People v Lynch,* 95 NY2d 243, 248 [2000]; *People v White,* 260 AD2d 413 [1999]).

Once a potential juror has asserted bias, that juror should be discharged unless he or she subsequently makes an "unequivocal assurance" to set aside his or her prior state of mind and render a verdict solely on the evidence (*People v Johnson,* 94 NY2d 600, 614 [2000]; *People v Blyden,* 55 NY2d 73, 77-78 [1982]; *People v White, supra*). In determining whether such assurances are unequivocal, the juror's testimony should be taken as a whole (*see People v Blyden, supra*). In this case, it is clear that the prospective juror's initial statements indicated a hostility to black people which cast serious doubt on her ability to render an impartial verdict. She never unequivocally stated that her bias would not influence her verdict or that she could render an impartial verdict based on the evidence presented. The juror's answer that she "should be able" to set aside her past experiences fell short of the required express and unequivocal declarations (*see People v Torpey,* 63 NY2d 361 [1984]; *People v Blyden, supra*). Accordingly, the Supreme Court erred in denying the defendant's challenge for cause, and a new trial is necessary (*see People v White, supra*).

The defendant's contentions raised in his pro se supplemental

brief either are unpreserved for appellate review or without merit. H. Miller, J.P., Adams, Townes and Mastro, JJ., concur.