THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY FAGAN, Appellant. [784 NYS2d 774]—

Appeal from a judgment of the Livingston County Court (Gerard J. Alonzo, Jr., J.), rendered August 30, 2001. The judgment convicted defendant, upon a jury verdict, of grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of grand larceny in the third degree (Penal Law § 155.35). Contrary to the contention of defendant, there was legally sufficient evidence to convict him for retaining mistakenly delivered funds without taking reasonable measures to return them (*see* § 155.05 [2] [b]; *see also Matter of Schiano*, 128 AD2d 214, 215-216 [1987], *lv denied* 70 NY2d 614 [1987]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant's larcenous intent could be inferred from the surrounding circumstances (*see People v Steinberg*, 79 NY2d 673, 682 [1992]; *People v Lopez*, 207 AD2d 1017, 1018 [1994], *lv denied* 84 NY2d 1013 [1994]). Contrary to the further contention of defendant, County Court did not err in denying his challenges to three prospective jurors for cause (*see* CPL 270.20). None of the three prospective jurors manifested a state of mind

likely to preclude the rendering of an impartial verdict, and thus we see no reason to disturb the court's determinations concerning the three jurors (*see People v Chambers*, 283 AD2d 904, 905-906 [2001], *affd* 97 NY2d 417 [2002]; *cf. People v White*, 275 AD2d 913, 914 [2000]). We further conclude that the court did not err in denying defendant's request for a continuance so that standby counsel could take over the defense. Defendant's request was made on the day of trial and appeared to be nothing more than a delaying tactic (*see People v Arroyave*, 49 NY2d 264, 271-272 [1980]; *People v Povio*, 284 AD2d 1011 [2001], *lv denied* 96 NY2d 923 [2001]; *People v Gayle*, 167 AD2d 927 [1990], *lv denied* 77 NY2d 838 [1991]).

Finally, we reject defendant's contention that there was a *Brady* violation. The surveillance tape depicting defendant's banking transactions was not exculpatory (*see People v Zaker*, 305 AD2d 978 [2003], *lv denied* 100 NY2d 601, 2 NY3d 809 [2003]; *see generally People v Cortijo*, 70 NY2d 868, 869-870 [1987]). Moreover, there was no *Brady* violation in the People's failure to turn over the special machine required to view the surveillance tape; that machine belonged to the bank and was not in the control of the People, and thus the People had no duty to produce the machine for defendant (*see generally People v Johnson*, 195 AD2d 481, 482 [1993], *lv denied* 82 NY2d 850 [1993]). Present—Hurlbutt, J.P., Kehoe, Gorski, Martoche and Hayes, JJ.