■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON E. PAPINEAU, Appellant. [796 NYS2d 491]—

Appeal from a judgment of the Allegany County Court (James E. Euken, J.), rendered October 21, 2003. The judgment

convicted defendant, upon a jury verdict, of assault in the second degree (two counts) and leaving the scene of an incident without reporting.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted on counts one, two and five of the indictment.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of two counts of assault in the second degree (Penal Law § 120.05 [4]) and one count of leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600 [2] [a]). The conviction arises from an incident that occurred in a parking lot outside a bar in Wellsville. The evidence at trial established that an automobile operated by defendant struck two pedestrians, causing serious physical injury to both, and that defendant drove away from the scene without stopping or reporting the incident. We reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We agree with defendant, however, that reversal is required because County Court erred in denying his challenge for cause to a prospective juror (*see People v Wilson*, 7 AD3d 549, 550 [2004]; *People v White*, 275 AD2d 913, 914 [2000]). We note that defendant exhausted his peremptory challenges before the completion of jury selection, and thus the court's erroneous denial of his challenge for cause constitutes reversible error (*see Wilson*, 7 AD3d at 550). "[A] prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial" (*People v Chambers*, 97 NY2d 417, 419 [2002]). Here, the prospective juror expressed doubt concerning his ability to be impartial based upon what he had heard from bar patrons who were present on the night of the incident. Under those circumstances, the court was required to elicit an unequivocal assurance from the prospective juror that he would be able to render an impartial verdict based on the evidence, and here no such assurance was obtained or even sought (*see People v Bludson*, 97 NY2d 644, 645-646 [2001]; *People v Johnson*, 94 NY2d 600, 614-615 [2000]). Present—Pigott, Jr., P.J., Green, Gorski, Smith and Hayes, JJ.