■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS IDDINGS, Appellant. [805 NYS2d 210]—

Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered January 6, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1], [4]). We reject defendant's contention that County Court abused its discretion in determining that a prosecution witness was competent to provide sworn testimony (*see People v Muldrow*, 273 AD2d 814, 815 [2000], *lv denied* 95 NY2d 891 [2000]). Also contrary to defendant's contention, the court properly denied defendant's challenges for cause with respect to three prospective jurors. Those prospective jurors stated unequivocally that they would set aside their beliefs about weapons and determine the case based on the evidence presented to them (*see generally*

*People v Chambers*, 283 AD2d 904, 906 [2001], *affd* 97 NY2d 417 [2002]). Defendant further contends that the court erred in refusing to suppress his statements to law enforcement officials because those statements were rendered involuntary as a result of his intoxication. We reject that contention inasmuch as the evidence presented at the suppression hearing establishes that defendant was not "intoxicated to a degree of mania or of being unable to understand the meaning of his statements" (*People v Benjamin*, 17 AD3d 688, 689 [2005]). The contention of defendant with respect to prosecutorial misconduct on summation is not preserved for our review, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see generally People v Procks*, 258 AD2d 951, 952 [1999], *lv denied* 93 NY2d 976 [1999]). Contrary to defendant's further contentions, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Lawton, JJ.