THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE COTTON, Appellant. [888 NYS2d 816]—

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered February 4, 2008. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of various crimes, the most serious of which was attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We further reject defendant's contention that the indictment was jurisdictionally defective (*see generally People v Ray*, 71 NY2d 849 [1988]), and we conclude that defendant waived his right to seek dismissal of the indictment on speedy trial grounds (*see People v Woody*, 24 AD3d 1300 [2005], *lv denied* 7 NY3d 852 [2006]). We agree with defendant, however, that Supreme Court erred in denying his challenge for cause to a prospective juror inasmuch as the statements of the prospective juror did not establish an unequivocal assurance of impartiality (*see People v Arnold*, 96 NY2d 358, 363-364 [2001]). Because defendant exhausted his peremptory challenges and was forced to excuse that juror for cause, reversal is required (*see People v Papineau*, 19 AD3d 1149, 1150 [2005]). In view of our determination granting a new trial, we do not address the remaining contentions of defendant, including those raised in his pro se supplemental brief. Present—Hurlbutt, J.P., Martoche, Smith, Carni and Pine, JJ.