People v Mineccia (2020 NY Slip Op 04027)





People v Mineccia


2020 NY Slip Op 04027


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


343 KA 19-01068

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DOMENIC A. MINECCIA, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered May 25, 2017. The judgment convicted defendant after a nonjury trial of criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree, tampering with physical evidence and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him after a bench trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal sale of a controlled substance in the third degree (§ 220.39 [1]), tampering with physical evidence (§ 215.40 [2]), and endangering the welfare of a child
(§ 260.10 [1]), defendant contends that the evidence with respect to the first two crimes is legally insufficient because the People failed to disprove his agency defense beyond a reasonable doubt. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we reject that contention. The evidence submitted by the People established, inter alia, that defendant purchased two bags of heroin, ingested three-quarters of the drugs, and gave the remaining one-quarter to his girlfriend, who died after ingesting it. Contrary to defendant's contention, the evidence is legally sufficient "to establish that [he] was the seller of a controlled substance and [was] not" merely delivering heroin to his girlfriend as her agent (People v Burden, 288 AD2d 821, 821 [4th Dept 2001], lv denied 97 NY2d 751 [2002]; see § 220.00 [1]; see generally People v Lam Lek Chong, 45 NY2d 64, 74-75 [1978], cert denied 439 US 935 [1978]).
Contrary to defendant's further contention, viewing the evidence in the light most favorable to the People (see Contes, 60 NY2d at 621), we conclude that the evidence is legally sufficient to support the conviction with respect to the crimes of tampering with physical evidence and endangering the welfare of a child (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that County Court, in rejecting the agency defense with respect to the first two crimes, did not fail to give the evidence the weight it should be accorded (see People v Walker, 117 AD3d 1441, 1442 [4th Dept 2014], lv denied 23 NY3d 1044 [2014]; People v Watkins, 284 AD2d 905, 906 [4th Dept 2001], lv denied 96 NY2d 943 [2001]), and that the verdict with respect to all of the crimes is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant further contends that the court erred in refusing to suppress his initial statements to the police. We reject that contention. We conclude that defendant was not in police custody at the time he made those statements, and thus Miranda warnings were not required (see People v Towsley, 53 AD3d 1083, 1084 [4th Dept 2008], lv denied 11 NY3d 795 [*2][2008]; see also People v Brown, 111 AD3d 1385, 1385-1386 [4th Dept 2013], lv denied 22 NY3d 1155 [2014]; see generally People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]). In addition, we reject defendant's claim that his statements were involuntarily made due to his alleged intoxication inasmuch as the evidence presented at the suppression hearing establishes that he was not "intoxicated to a degree of mania or of being unable to understand the meaning of his statements" (People v Benjamin, 17 AD3d 688, 689 [2d Dept 2005], lv denied 5 NY3d 803 [2005]; see People v Iddings, 23 AD3d 1132, 1133 [4th Dept 2005], lv denied 6 NY3d 776 [2006]).
Finally, defendant's contentions concerning the sentence are rendered academic by our determination in defendant's appeal from the denial of his CPL article 440 motion (see People v Mineccia [appeal No. 2], — AD3d — [July 17, 2020] [4th Dept 2020] [decided herewith]).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court