People v Govan (2026 NY Slip Op 00715)

People v Govan

2026 NY Slip Op 00715

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

912 KA 22-00913

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vDARIEN GOVAN, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (ALEXANDER PRIETO OF COUNSEL), FOR DEFENDANT-APPELLANT.
DARIEN GOVAN, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GRAZINA HARPER OF COUNSEL), FOR RESPONDENT.

 Appeal from a judgment of the Supreme Court, Monroe County (Victoria M. Argento, J.), rendered November 18, 2021. The judgment convicted defendant upon his plea of guilty of attempted murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). In appeal Nos. 2 and 3, defendant appeals by permission of this Court from orders denying his motions pursuant to CPL 440.10 to vacate the judgment in appeal No. 1.
In his pro se supplemental brief, defendant contends in appeal No. 1 that the waiver of the right to appeal was not made knowingly, intelligently, and voluntarily and, in his main brief, he contends in appeal No. 1 that the waiver does not encompass any suppression issues because Supreme Court stated that defendant was waiving "certain" motions or suppression decisions, thus implying that some suppression decisions survived the waiver. Even assuming, arguendo, that the waiver of the right to appeal is invalid (see People v Spratt, 239 AD3d 1325, 1325 [4th Dept 2025], lv denied 44 NY3d 984 [2025]) and therefore does not encompass defendant's challenges in his main and pro se supplemental briefs in appeal No. 1 to the court's suppression rulings, we conclude, for the following reasons, that those challenges are without merit.
Defendant contends in his main and pro se supplemental briefs that the People failed to meet their burden of establishing the lack of undue suggestiveness in the photo array procedure inasmuch as defendant was the only person in jail clothing. We reject that contention. Defendant wore a green and white striped shirt that was visible on only one shoulder, and there were no markings on the shirt to indicate that it was a jail uniform. As the court noted, a witness looking at defendant's photograph would not necessarily conclude that he was wearing jail garb. The photographs in the array depicted men similar in age, race, hairstyles, and physical features (see People v Mead, 41 AD3d 1306, 1307 [4th Dept 2007], lv denied 9 NY3d 963 [2007]). Because "the subjects depicted in the photo array [were] sufficiently similar in appearance so that the viewer's attention [was] not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection," the photo array itself was not unduly suggestive (People v Quinones, 5 AD3d 1093, 1093 [4th Dept 2004], lv denied 3 NY3d 646 [2004]; see People v Holmes, 210 AD3d 1510, 1511 [4th Dept 2022], lv denied 39 NY3d 1073 [2023]; People v Powell, 26 AD3d 795, 795 [4th Dept 2006], lv denied 7 NY3d 793 [2006]).
Defendant failed to preserve for our review his further contention in his pro se supplemental brief that the procedure used by the police in presenting the photo array was unduly suggestive (see People v Lundy, 165 AD3d 1626, 1627 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]; People v VanVleet, 140 AD3d 1633, 1634 [4th Dept 2016], lv denied 28 NY3d 938 [2016]). In any event, contrary to defendant's contention, the police employed a "blind or blinded" procedure inasmuch as one investigator prepared the photo array and a second investigator, who did not know which person in the array was the suspect or where the suspect was in the array, administered the photo array (see CPL 60.25 [1] [c] [i], [ii]; People v Moss, 232 AD3d 1327, 1327-1328 [4th Dept 2024]; People v Tyme, 222 AD3d 783, 784 [2d Dept 2023], lv denied 41 NY3d 944 [2024]). Although the second investigator had viewed a surveillance video depicting the crime prior to the photo array identification procedure, he testified that the video did not have enough clarity for him to identify the suspect.
We reject defendant's further contention in his pro se supplemental brief that his statements should have been suppressed as a result of his intoxication. Defendant preserved his contention for our review only with respect to statements he made to the arresting officers and not the investigator who conducted the interview with defendant. In any event, we conclude that defendant did not provide a factual record sufficient to enable us to review his contention inasmuch as the body-worn camera footage of the two arresting officers, which was admitted in evidence at the suppression hearing and reviewed by the court, was not provided to this Court (see People v Brady, 192 AD3d 1557, 1558-1559 [4th Dept 2021], lv denied 37 NY3d 954 [2021]; People v Smith, 93 AD3d 1345, 1346 [4th Dept 2012], lv denied 19 NY3d 967 [2012]; see generally People v Kinchen, 60 NY2d 772, 773-774 [1983]). Based only on the testimony from the officers, we agree with the court that defendant was not intoxicated to a degree of mania or of being unable to understand the meaning of his statements (see People v Mineccia, 185 AD3d 1407, 1408 [4th Dept 2020]; People v Iddings, 23 AD3d 1132, 1133 [4th Dept 2005], lv denied 6 NY3d 776 [2006]).
We also reject defendant's contention in his pro se supplemental brief that the court erred in refusing to suppress physical evidence without conducting a hearing on the legality of the arrest. A motion to suppress may be summarily denied if the motion papers do not allege a ground constituting a legal basis for the motion, or the sworn allegations of fact do not as a matter of law support the ground alleged (see CPL 710.60 [3] [a], [b]; People v Collier, 238 AD3d 1530, 1531 [4th Dept 2025], lv denied 44 NY3d 981 [2025]). Here, the court did not abuse its discretion in denying, without an evidentiary hearing, that part of defendant's omnibus motion seeking to suppress a gun recovered after defendant discarded it in a park (see Collier, 238 AD3d at 1531).
Defendant next contends in his pro se supplemental brief in appeal No. 1 that he was denied the right to testify before the grand jury. Assuming again, arguendo, that the waiver of the right to appeal is invalid (see Spratt, 239 AD3d at 1325), we conclude that defendant's contention is forfeited by his plea of guilty (see People v Goodwin, 238 AD3d 1333, 1334-1335 [3d Dept 2025], lv denied 43 NY3d 1055 [2025]; People v Lafferty, 227 AD3d 1480, 1481-1482 [4th Dept 2024], lv denied 42 NY3d 928 [2024], reconsideration denied 42 NY3d 1036 [2024]; People v Escalera, 121 AD3d 1519, 1520 [4th Dept 2014], lv denied 24 NY3d 1083 [2014]).
We reject defendant's contention in his main and pro se supplemental briefs in appeal No. 2 that the court erred in summarily denying his first CPL 440.10 motion seeking to vacate the judgment on the ground that his guilty plea was not knowingly, voluntarily, and intelligently entered because defense counsel coerced him into pleading guilty. Defendant's "unsupported, self-serving assertions . . . are contradicted by the transcript of the plea proceeding, at which defendant indicated that he agreed to plead guilty of his own free will and that no one had coerced him to enter the plea" (People v Witkop, 114 AD3d 1242, 1243 [4th Dept 2014], lv denied 23 NY3d 1069 [2014]; see CPL 440.30 [4] [d] [i]). Under these circumstances and considering defendant's further statements during the plea colloquy, we conclude that there is no reasonable possibility that the allegation is true (see CPL 440.30 [4] [d] [ii]; People v McCullough, 144 AD3d 1526, 1527-1528 [4th Dept 2016], lv denied 29 NY3d 999 [2017]; People v Atkins, 107 AD3d 1465, 1466 [4th Dept 2013], lv denied 21 NY3d 1040 [2013]). The court therefore properly denied defendant's first CPL 440.10 motion without a hearing because "the motion could be determined on the trial record and defendant's submissions on the motion" (People v Satterfield, 66 NY2d 796, 799 [1985]).
Finally, we have reviewed defendant's remaining contentions raised in his pro se supplemental brief with respect to appeal Nos. 2 and 3 and conclude that they do not warrant modification or reversal of the orders.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court